# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

ART CORPORATE SOLUTIONS, INC., a Colorado Corporation, and
ACTIVE RELEASE TECHNIQUES, LLC, a Colorado Limited Liability Company

    Plaintiffs,

v.

DARYL LANEY, D.C., an Individual,
LANEY CHIROPRACTIC AND SPORTS THERAPY, P.A., a Texas Professional Association, and
NEUROMUSCULAR CORPORATE SOLUTIONS, LLC, a Texas Limited Liability Company,

    Defendants.

## COMPLAINT AND JURY DEMAND

ART Corporate Solutions, Inc. ("ARTCS") and Active Release Techniques, LLC ("ART LLC") (collectively referred to as "ART Companies" or "Plaintiffs"), for their Complaint against Defendants Daryl Laney, D.C. ("Dr. Laney"), Laney Chiropractic and Sports Therapy, P.A. ("Laney Chiropractic"), and Neuromuscular Corporate Solutions, LLC ("NCS"), allege as follows:

## INTRODUCTION

1. In this action, ART Companies seek injunctive and monetary relief for acts of trademark infringement, deceptive trade practices arising under federal trademark infringement law, 15 U.S.C. § 1114, federal unfair competition law, 15 U.S.C. § 1125(a), false advertising, the Colorado Consumer Protection Act, C.R.S. § 6-1-101 *et seq.*, breach of contract, Colorado unfair competition, and tortious interference with contract.

## PARTIES

2.ART Corporate Solutions, Inc. is a Colorado company with a principal place of business at 9240 Explorer Drive, Suite 200, Colorado Springs, CO 80920.

3.Active Release Techniques, LLC is a Colorado limited liability company with a principal place of business at 9240 Explorer Drive, Suite 200, Colorado Springs, CO 80920, and all of its members are residents of Colorado.

4.Dr. Laney is an individual residing in Denton County, Texas.  Dr. Laney operates a business in Keller, TX known as Laney Chiropractic and Sports Therapy, P.A.

5.Laney Chiropractic and Sports Therapy, P.A. is a Texas professional association with a principal place of business located 804 Keller Parkway, Keller, TX 76248.

6.Neuromuscular Corporate Solutions, LLC is a Texas limited liability company with a principal place of business located at 804 Keller Parkway, Keller, TX 76248, and all of its members are residents of Texas.

## JURISDICTION AND VENUE

7.This action arises under §§ 1114(1) and 1125(a) of the Lanham Act, 15 U.S.C. §§ 1051 et seq., the Colorado Consumer Protection Act, C.R.S. §§ 6-1-105 et seq., and other statutory and common laws of the State of Colorado.

8.This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).  Jurisdiction is also proper pursuant to 28 U.S.C. § 1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.  Specifically, as to the amount in controversy, ART LLC seeks compensatory damages against Dr. Laney for his breach of contract an amount in excess of

$100,000. All other claims in this action arise from the same transaction or occurrence, such that this Court has supplemental jurisdiction under 28 U.S.C. § 1367(a).

9. This Court may exercise personal jurisdiction over Defendants since they have had systematic and continuous contacts with this judicial district, have conducted activities related to ART Companies' claims within this judicial district, and have damaged ART Companies by their wrongful conduct in this judicial district. Furthermore, this Court has personal jurisdiction over Defendants because Defendants have established minimum contact with the forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

10. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

11. In 1985, Dr. Michael Leahy ("Dr. Leahy") began developing a soft-tissue massage technique that he later named Active Release Techniques ("ART").

12. In 1997, Dr. Leahy formed ART LLC with the intent of training other practitioners how to perform ART. Soon after forming ART LLC, Dr. Leahy began the process of patenting his Active Release Techniques and he received his first patent in 2000.

13. ART is a patented, state of the art soft tissue system/movement based massage technique that treats problems with muscles, tendons, ligaments, fascia and nerves. ART is a method for using an expert system protocol to treat patients, and there are over 500 treatment protocols that are unique to ART. Currently, the expert system, which utilizes the over 500 protocols, are protected by at least three different patents.

14. With the formation of ART LLC, Dr. Leahy began to train chiropractors and other licensed health-care professions in the ART methods.

15. ART LLC holds severally federally registered trademarks which include ACTIVE RELEASE TECHNIQUES and ART.

16. ART LLC only permits providers that have taken an approved ART course, become certified, and maintain their certification to use the trademarks ART and ACTIVE RELEASE TECHNIQUES for limited purposes. Moreover, Certified ART Providers may only use ART in approved settings with prior approval from ART LLC.

17. Since its formation, ART LLC has trained over 15,000 professionals in ART, and today there are thousands of ART providers practicing throughout the country and the world.

18. As ART LLC began to train more and more practitioners in ART, word spread that ART is an extremely effective soft tissue management system and several businesses and insurance companies began contacting ART LLC wanting to refer their employees or policyholders to an ART certified provider. As more inquiries came in, ART LLC realized that businesses could help reduce work-place injuries by having an ART provider perform certain services on-site.

19. Occupational Safety and Health Administration ("OSHA") requires that any employer subject to its regulations record and report any work related injury or illness that requires medical treatment beyond first aid. And, according to OSHA regulations, physical therapy or chiropractic services are considered medical treatment for recording purposes. *See* 29 CFR Part 1904.7(b)(5)(ii)(M).

20. Dr. Leahy and ART LLC worked with OSHA to have ART considered a type of first aid rather than a medical treatment. On July 24, 2006, OSHA issued an advisory letter to

Dr. Leahy in which OSHA stated that ART can be considered first aid for injury and illness recordkeeping purposes. In other words, ART practitioners could perform ART services on-site and employers would not have to record those treatments as medical treatments. ART is the only soft-tissue management system that has been deemed a first aid treatment, rather than a medical treatment, by OSHA.

21. Starting in the early 2000's ART, LLC and /or a predecessor entity to ARTCS, Active Release Techniques Elite Providers Network, LLC ("ART EPN"), began entering into contracts with businesses throughout North America to have ART providers provide on-site care. Once a contract with a business was secured, the ART Companies coordinated with one of its "elite providers" to service the contract and provide on-site ART services. ARTCS contracts are only serviced by providers in ART's Elite Provider Network ("EPN"), which consists of ART's most qualified providers who have undertaken extensive ART training and passed numerous qualifying tests and certifications. Each EPN provider entered into a Participating Provider Agreement with either ART EPN either or ART LLC.

22. As this business grew, in 2007, ARTCS was formed to focus exclusively on these business contracts, offering a complete soft tissue management system for companies striving to reduce worker's compensation costs and recordable injury rates in the area of repetitive strain and strain/sprain injuries (often referred to as musculoskeletal disorders or MSDs). All EPN Participating Provider Agreements with either ART EPN and ART LLC were then assigned to ARTCS. ART EPN was voluntarily dissolved with the Colorado Secretary of State effective April 10, 2008.

*Dr. Laney's Involvement with ART*

23. In October 2004, as an independent contractor, Dr. Laney began providing on-site ART services to ART LLC's client Sabre, Inc. ("Sabre") pursuant to an agreement. Dr. Laney has continued to perform services as an ART EPN Provider for Sabre pursuant to the agreement.

24. In April 2005, Dr. Laney entered into the Active Release Techniques® EPN Participating Provider Agreement with ART EPN (the "Laney/ARTCS Contract"), which has since been assigned to ARTCS. The Laney/ARTCS Contract governs Dr. Laney providing ART services as an ART EPN Provider.

25. The Laney/ARTCS Contract provides in part:

> d. **Competition**. PROVIDER may contract with any PAYOR or EMPLOYER independently of the NETWORK. However, in the event the PROVIDER has both a direct and NETWORK Contract, the NETWORK contract shall prevail.
>
> PROVIDER shall not share practice specific pricing information or provider contract compensation with other Participating PROVIDERS.

26. In February 2009, as an ART EPN Provider, Dr. Laney began performing on-site ART services for another ARTCS customer, Atmos Energy. Dr. Laney continued to perform on-site services for Atmos Energy until June 2011 when Atmos Energy terminated its contract with ARTCS and the Defendants improperly and illegally stole that work.

*Dr. Laney's Competing Businesses*

27. In September 2011, Dr. Laney formed a competing business, NCS, which began promoting and advertising that NCS provided on-site ART services to businesses and

corporations. In other words, NCS was, and still is, promoted and advertised as providing the same services as ARTCS.

28. NCS is and always has been a separate entity from Laney Chiropractic, and neither Dr. Laney nor Laney Chiropractic disclosed the formation or existence of NCS to the ART Companies.

29. Upon information and belief, in violation of the terms of the Laney/ARTCS Contract, since the time Atmos Energy terminated its contract with ARTCS, Laney and NCS have been providing on-site ART services to Atmos Energy. NCS's website includes a login for Atmos Energy employees.

30. Until late July 2014, both NCS's and Laney Chiropractic's websites contained numerous references to ART, including an entire tab on each website devoted to ART, including how it works and the conditions it treats.

31. Sometime after September 2014, both NCS and Laney Chiropractic replaced references to Active Release Techniques or ART with "soft tissue techniques" or "STT" on their websites. The ART tabs were replaced with STT tabs.

32. For example, before the changes to NCS's website were made it included the following statement:

> Patients seeking treatment at Neuromuscular Corporate Solutions are assured of receiving only the finest quality care through the use of modern chiropractic technology and **Active Release Techniques**. Through 500 unique deep tissue protocols, **ART** helps to relieve pains stemming from common conditions like carpel tunnel and lower back pain. (emphasis added).

33. NCS's website was changed to state:

> Patients seeking treatment at Neuromuscular Corporate Solutions are assured of receiving only the finest quality care through the use of modern chiropractic

technology and **<u>soft tissue techniques</u>**.  Through 500 unique deep tissue protocols, **STT** helps to relieve pains stemming from common conditions like carpel tunnel and lower back pain. (emphasis added).

34. In other words, NCS merely swapped Active Release Technique and ART with soft tissue technique and STT.  The actual description of the services provided by NCS remained exactly the same.

35. Sometime after September 2014, both NCS and Laney Chiropractic replaced references to "soft tissue techniques" and "STT" with "Fascial Distortion Model" and "FDM" on their websites.  The STT tabs have now been replaced with FDM tabs.   However, on both the Laney Chiropractic and NCS websites, the description of how FDM works still states that "FDM encompasses more than 500 techniques."

36. The source code for the FDM tab on NCS's website includes references to "soft tissue therapy".  Similarly, the source code for the FDM tab on Laney Chiropractic's website includes references to "soft tissue technique".  Again, reference to the soft tissue therapy or technique is synonymous with ART.

37. Both NCS and Laney Chiropractic's websites under the "Testimonials" tab on also include the same three (3) video testimonials that only discuss ART treatments (the "ART Testimonials").  The ART Testimonials specifically recommend ART and make no mention of FDM or STT.  The ART Testimonials are also publically available on YouTube.

38. The source code for the Testimonials tab on NCS's website includes references to "Active Release Technique in the Dallas-Forth Worth Metroplex", "Active Release Technique protocols" and "soft tissue therapy".

39. Laney Chiropractic's Facebook page represents that it provides ART.

40. NCS's Facebook page represents that it provides soft tissue therapy.

41. The updates to NCS and Laney Chiropractic's websites to merely replace ART or Active Release Technique with STT or Soft Tissue Technique to is false and/or misleading because the descriptions are still of ART's patented expert system and treatment method.

42. The Defendants' use of source code on their websites including the terms "Active Release Technique" and "soft tissue therapy" is false and/or misleading because the Defendants cannot provide ART services.

43. The Defendants' use of the ART Testimonials to promote their FDM services is false and/or misleading because the individuals on the videos are describing the benefits of ART, not FDM.

44. NCS and Laney Chiropractic are not Dr. Laney is no longer a Certified ART Provider and neither Dr. Laney or Laney Chiropractic currently have the right or authority to perform any of ART's patented methods or treatments on any of their clients. They have no right or authority to represent to their clients or potential clients that they can provide ART services. And they have no right or authority to use any of the ART Companies' trademarks.

45. NCS has never had any any type of relationship with ARTCS or ART LLC and therefore has no right or authority to use any of ART's trademarks, including ART or ACTIVE RELEASE TECHNIQUES, both of which are properly registered with the United States Patent and Trademark Office.

### FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement – All Defendants)

46. The ART Companies incorporate by reference each of their allegations herein.

47. Only providers that have taken an approved ART course, become certified, and maintain their certification may use the terms ART and ACTIVE RELEASE TECHNIQUES for limited purposes. Certified ART Providers may not use the term ART without prior approval from ART LLC.

48. The Defendants are not Certified ART Providers.

49. The Defendants have used and/or are using the federally-registered trademarks of ART and/or ART RELEASE TECHNIQUES on their websites, in the source code of their websites, and the ART Testimonials (collectively the "ART Trademark Material") in commerce to lead the public to believe they can or do provide ART services without the consent of ART.

50. The Defendants' use of the ART Trademark Material has caused, and is likely to continue causing confusion, mistake and deception among the consuming public, by creating the false or misleading impressions that the services provided by NCS and Laney Chiropractic services are ART services or are affiliated, endorsed, sponsored, or otherwise associated with or approved by ART, which they are not.

51. The Defendants' unauthorized use of the ART Trademark Material infringes upon ART's exclusive rights arising from the federal registration of the trademarks and violates 15 U.S.C. § 1114, in that it has confused and is likely to confuse members of the consuming public including actual and potential customers of ART.

52. The Defendants' use of the ART Trademark Material is intentional and willful.

53. As a result of the Defendants' willful and intentional infringement, the ART Companies are entitled to recover (1) the Defendants' profits, (2) their actual damages, and (3) their attorney's fees and costs incurred herein, which relief ART requests.

## SECOND CLAIM FOR RELIEF
### (False and/or Misleading Advertising Under 15 U.S.C. § 1125(a)(1)(A) and (B) – All Defendants)

54. The ART Companies incorporate by reference each of their allegations herein.

55. The Defendants promote and advertise their FDM services on their website through the use of the ART Trademark Materials.

56. The Defendants are not authorized to advertise or perform ART services.

57. The Defendants' use of the ART Trademark Materials to advertise their FDM services is deceptively misdescriptive and/or false.

58. The Defendants' use of the ART Trademark Materials on their websites constitutes a false and/or misleading representation of fact. Such use of the ART Trademark Materials on their websites is made in commercial advertising and/or promotion, and such use misrepresents the services of the Defendants. The Defendants' aforementioned activities constitute false and/or misleading advertising in violation of 15 U.S.C. § 1125(a)(1)(B).

59. The Defendants' aforementioned actions and activities have been committed willfully with the intent to damage the ART Companies and divert business from the ART Companies, and have caused and will continue to cause damage to the ART Companies until such time as there are permanently enjoined by this Court.

## THIRD CLAIM FOR RELIEF
### (Deceptive Business Practices C.R.S. § 6-1-105 – the Defendants)

60. The ART Companies incorporate by reference each of their allegations herein.

61. The Defendants promote and advertise their FDM services on their website through the use of the ART Trademark Materials.

62. The Defendants are not authorized to advertise or perform ART services.

63. The Defendants' use of the ART Trademark Materials to advertise their FDM services is misleading and/or false.

64. The Defendants' use of the ART Trademark Materials to advertise their FDM services has been willful and deliberate.

65. The Defendants' conduct constitutes deceptive business practices in violation of C.R.S. § 6-1-105.

66. The Defendants' aforementioned actions and activities have been committed willfully with the intent to damage the ART Companies and divert business from the ART Companies, and have caused and will continue to cause damage to the ART Companies until such time as they are permanently enjoined by this Court.

## FOURTH CLAIM FOR RELIEF
### (Unfair Competition)

67. The ART Companies incorporate by reference each of their allegations herein.

68. The Defendants actions described above are likely to deceive the public and therefore constitute unfair competition in violation of the common law of the State of Colorado.

69. The Defendants' acts have been willful and deliberate.

70. The Defendants' aforementioned actions and activities have been committed willfully with the intent to damage the ART Companies and divert business from the ART Companies, and have caused and will continue to cause damage to the ART Companies.

## FIFTH CLAIM FOR RELIEF
### (Breach of Contract – Dr. Laney and Laney Chiropractic)

71. The ART Companies incorporate by reference each of their allegations herein.

72. Dr. Laney and Laney Chiropractic entered into the Laney/ART Contract.

73. The ART Companies performed all of their obligations under the Laney/ART Contract.

74. Dr. Laney and Laney Chiropractic have failed to perform and breached their obligations under the Laney/ART Contract by soliciting and/or contracting with Atmos Energy and stealing the Atmos Energy contract.

75. As a direct and proximate result of Dr. Laney's and Laney Chiropractic's actions and breach of the Laney/ART Contract, the ART Companies have suffered and will continue to suffer damages in an amount to be proven at trial. As a result of Dr. Laney's and Laney Chiropractic's breach, the ART Companies have been deprived of hundreds of thousands in lost revenue, at least $100,000 in profits, not including lost future revenue and profits, lost business opportunity, and other damages.

76. The ART Companies are entitled to recovery of their attorney's fees and costs pursuant to the Laney/ART Contract.

## SIXTH CLAIM FOR RELIEF
**(Breach of Duty of Good Faith and Fair Dealing – Dr. Laney and Laney Chiropractic)**

77. The ART Companies incorporates by reference each of their allegations herein.

78. In all Colorado contracts there exists an implied duty of good faith and fair dealing with the other contracting party.

79. Dr. Laney and Laney Chiropractic had a duty to perform services under the Laney/ART Contract in good faith and fair dealing with the ART Companies.

80. Dr. Laney and Laney Chiropractic breached their duty to the ART Companies by violating the non-compete provision and soliciting and/or contracting with Atmos Energy to provide on-site ART services.

81. As a direct and proximate result of Dr. Laney's and Laney Chiropractic's actions and breach of their duty of good faith and fair dealing in the Laney/ART Contract, the ART Companies have suffered and will continue to suffer damages in an amount to be proven at trial. As a result of Dr. Laney's and Laney Chiropractic's breach, the ART Companies have been deprived of hundreds of thousands in lost revenue, at least $100,000 in profits, not including lost future revenue and profits, lost business opportunity, and other damages.

## SEVENTH CLAIM FOR RELIEF
(Tortious Interference with Contract – against NCS)

82. The ART Companies incorporates by reference each of their allegations herein.

83. At all relevant times, NCS was aware of the Laney/ART Contract and ARTCS's contract with Atmos Energy, as well as all terms contained therein.

84. NCS intentionally and improperly induced Dr. Laney and Laney Chiropractic to breach the Laney/ART Contract by soliciting and/or contracting with Atmos Energy and stealing the Atmos Energy contract.

85. NCS's conduct was intentional and improper and caused Dr. Laney and Laney Chiropractic to breach the Laney/ART Contract for the benefit of NCS.

86. NCS's intentional and improper conduct also caused Atmos Energy to terminate its contract with ARTCS.

87. As a direct and proximate result of NCS's improper and intentional interference with the Laney/ART Contract and ARTCS's contract with Atmos Energy, the ART Companies have suffered and continue to suffer damages in an amount to be proven at trial.

## JURY DEMAND

Plaintiffs demand a jury trial on all claims triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for the following relief:

A.  Judgment against the Defendants for trademark infringement and an award of damages to the ART Companies to be proven at trial;

B.  Judgment against the Defendants for their false and/or misleading advertising in violation of 15 U.S.C. § 1125(a)(1)(A) and (B), and an award of damages to the ART Companies to be proven at trial;

C.  Judgment against the Defendants for their deceptive business practices in violation of C.R.S. § 6-1-105, and an award of damages to the ART Companies to be proven at trial;

D.  Judgment against the Defendants for their acts of unfair competition and an award of damages to the ART Companies in an amount to be proven at trial:

E.  Judgment against Dr. Laney and Laney Chiropractic for their breach of contract and an award of damages to the ART Companies to be proven at trial;

F.  Judgment against Dr. Laney and Laney Chiropractic for their breach of the implied covenant of good faith and fair dealing and an award of damages to the ART Companies to be proven at trial;

G.  Judgment against NCS for its tortious interference of contract and an award of damages to the ART Companies to be proven at trial;

H.  Entry of a permanent injunction precluding all Defendants from:

    a.  Using any of the ART Companies' trademarks;

      b.  Engaging in any false and/or misleading advertising that misrepresents the Defendants affiliation with the ART Companies or misrepresents that the Defendants are authorized to perform ART services;

      c.  Engaging in any acts of unfair competition against the ART Companies;

      d.  Soliciting or entering into any contracts and/or agreements with ARTCS's clients and/or customers; and

      e.  Providing any services to Atmos Energy.

I.  Grant such other and further relief as the court deems just and proper under these circumstances.

Respectfully submitted this 14th day of November, 2014.

                SHERMAN & HOWARD L.L.C.

                By:    s/ *Tamir Goldstein*
                        Tamir Goldstein
                        Angela Whitford
                        Joseph Daniels
                633 Seventeenth Street, Suite 3000
                Denver, CO 80202
                (303) 299-8410
                (303) 298-0940 (FAX)
                tgoldstein@shermanhoward.com