## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03086-RBJ-NYW

ART CORPORATE SOLUTIONS, INC., a Colorado Corporation, and
ACTIVE RELEASE TECHNIQUES, LLC, a Colorado Limited Liability Company,

     Plaintiffs,

v.

DARYL LANEY, D.C., an Individual,
LANEY CHIROPRACTIC AND SPORTS THERAPY, P.A., a Texas Professional Association, and
NEUROMUSCULAR CORPORATE SOLUTIONS, LLC, a Texas Limited Liability Company,

     Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

Upon the motion of all parties for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, as it relates to discovery and documents in this case, IT IS HEREBY ORDERED:

1.    All Confidential Discovery Material produced or exchanged in the course of this litigation shall be used solely for the prosecution, defenses, and/or settlement of this litigation and for no other purpose whatsoever and shall not be disclosed to any person except in accordance with the terms of this Protective Order.

2.    As used in this Protective Order, the word "Document" is used in the broadest sense and includes, without limitation, the following: all "writings," "recordings," "photographs," "originals," and "duplicates" as defined by Federal Rule of Evidence 1001; the source code of any software applications; electronically stored information; recorded or transcribed testimony given in depositions or other proceedings in this Lawsuit; pleadings and other papers filed in this Lawsuit or served on the parties or their counsel; and documents and information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

3.     As used in this Protective Order, "Lawsuit" means this action and any appeals therefrom.

4.     As used in this Protective Order, "Confidential Information" means (a) Documents and other information that the producing party or nonparty designates as "Confidential" or "Attorneys' Eyes Only" in the manner set forth below; (b) deposition testimony and deposition exhibits in this Lawsuit that any party or nonparty designates as "Confidential" or "Attorneys' Eyes Only" in the manner set forth below; and (c) responses to any discovery requests, including responses to interrogatories, document requests, and requests for admissions, inspections, examinations of premises, facilities and physical evidence, witness interviews, and any other information produced pursuant to the Federal Rules of Civil Procedure or otherwise given or exchanged by and among the parties to this Lawsuit that any party or nonparty designates as "Confidential" or "Attorneys' Eyes Only" in the manner set forth below.

5.     A producing party may designate as "Confidential" any Document or information that it has determined, and has been confirmed by counsel of record pursuant to Rule 26(g) of the Federal Rules of Civil Procedure, in good faith consists of or relates to the following: (a) trade secrets, including but not limited to, employer lists, client lists, prospective client lists, provider lists, provider information, records, forms, computer printouts, systems information, computer software, manuals, other business records and information, methods for the operation of the businesses; (b) financial, tax and accounting information, confidential or proprietary business-related information, business plans or projections, acquisition offers or expressions of interest, proposed strategic transactions or other business combinations, and competitive analyses; and (c) confidential personal information. Documents and information shall not be designated as "Confidential" if it includes information that is (a) publicly available or (b) obtained from any nonparty outside of discovery or legal process unless that the nonparty is provided with a copy of this Protective Order and marks the information as Confidential pursuant to this Protective Order.

6.     A producing party may designate as "Attorneys' Eyes Only" a document or other information if, and only if, the document or other information contains particularly sensitive confidential information that the producing party believes, and has been confirmed by counsel of record pursuant to Rule 26(g) of the Federal Rules of Civil Procedure, in good faith cannot be disclosed without threat of competitive injury due to the propriety or commercial sensitivity of such information. The "Attorneys' Eyes Only" designation shall be used as sparingly as possible. Any document, material, or information designated by a party as "Attorneys' Eyes Only" must be reviewed by an attorney. The designation of any document, material, or information as "Attorneys' Eyes Only" shall constitute a certification by the attorney reviewing the material and making such designation that he or she in good faith believeshas determined pursuant to the relevant case law that the material requires this heightened level of protection and shall be used sparingly.

7.     "Confidential Discovery Material" as used herein, means any information of any type, kind or character which is designated as "Confidential" or "Attorneys' Eyes Only" by any of the supplying or producing parties, whether it be a document, information contained in a

document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. In designating information as "Confidential" or "Attorneys' Eyes Only," a party or third party will make such designation only as to the information that it in good faith believes contains confidential information and which that party has treated as confidential, proprietary, or trade secret information prior to the commencement of this litigation.

8.    All persons with access to documents and information designated as "Confidential" or "Attorneys' Eyes Only" produced by another party or a nonparty shall take all reasonable precautions necessary to ensure that no other person shall disclose or use any such designated documents and/or information for any purpose that does not relate to this Lawsuit and or in any manner that is not permitted by this Protective Order.

9.    Documents and information designated as "Confidential" shall not, without the consent of the party producing it or further Court order, be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part to any person *except* the following (collectively "Qualified Persons"):

    a.    Counsel of record in the Lawsuit;

    b.    Persons employed by or associated with counsel of record in the Lawsuit whose assistance is required in connection with prosecuting or defending this Lawsuit;

    c.    Third-party vendors retained by the parties or their counsel for the purpose of copying, scanning, microfilming, reorganizing, filing, coding, converting, storing, or retrieving Documents or related data;

    d.    Persons shown on the face of the document that have authored or received the document;

    e.    Individual parties;

    f.    Employees of the parties if necessary for assistance with the prosecution or defense of this Lawsuit;

    g.    Expert witnesses and consultants retained in connection with this Lawsuit to the extent counsel has a reasonable and good faith belief that the disclosure is necessary for preparation, trial, or other proceedings in this Lawsuit;

    h.    The Court and its employees;

    i.    Stenographic reporters and videographers who are engaged in proceedings necessarily incident to the conduct of this Lawsuit; and

    j.    Other persons upon written agreement of the parties.

10.     Documents and information designated as "Attorneys' Eyes Only" shall be restricted in circulation to only those Qualified Persons as is set forth in paragraphs 9(a), (b), (c), (d), (g), (h), and (j) above.

11.     Before disclosing any documents or information designated as "Confidential" to any person listed in paragraphs 9(e), (f), or (g) above, counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment, substantially in the form of the attached **Exhibit 1**, that such person has reviewed a copy of this Protective Order, will comply with its terms in all respects, and will submit to the jurisdiction of the Court for adjudication of any dispute about whether such person has complied with the terms of this Protective Order. All such acknowledgments shall be retained by the counsel obtaining them.

12.     The designation of documents and information as "Confidential" for purposes of this Protective Order shall be made in the following manner by any party or nonparty:

a.     In the case of Documents (including tif or pdf images of documents) or other materials (apart from interviews, depositions or pretrial testimony), by placing or affixing on them (in a manner that will not interfere with their legibility) the word "CONFIDENTIAL."

b.     In the case of electronically stored information produced in native format, the storage media shall be marked with the legend "CONTAINS CONFIDENTIAL INFORMATION" and the producing party shall provide an electronic list (spreadsheet or table) by file name of all files that are designated.

c.     In the case of depositions or pretrial testimony, by a statement on the record, by counsel, at the time of such disclosure that said deposition or pretrial testimony, or any portion thereof, is "Confidential." Counsel shall direct the court reporter or counsel to affix the appropriate Confidential stamp to any portion of the original transcript and to that portion of all copies of the transcript, and those portions of the transcript so designated shall be deemed Confidential. Although the designation shall be made on the record during the deposition whenever possible, a party may designate portions of depositions as Confidential after transcription provided written notice of the designation is given to all counsel of record within thirty days after notice by the Court reporter of the completion of the transcript, prior to which time the transcript will be treated as Confidential in its entirety.

d.     In the case of mutually agreed upon joint witness interviews (should any be agreed to), by a statement by counsel during the interview in the presence of other counsel attending, if any, and, following the interview, by a letter to such counsel, if any, that such interview or any portion thereof is "Confidential."

e.   In the case of any other production of discovery material not otherwise covered by this Protective Order, a written statement, made by the designating party's counsel to counsel for the other parties to this Lawsuit, that such discovery material or any portion thereof is "Confidential."

f.   The parties to this Protective Order may modify the procedures set forth in paragraphs 11(c)-(d) through agreement of counsel on the record at such deposition or, in the case of an interview, in the presence of counsel attending such interview, without further order of the Court.

g.   The parties will have up to 30 days from the date of this Protective Order to designate any documents already produced as Confidential, and the parties may designate such documents by written statement to opposing counsel identifying the particular documents subject to this Protective Order.

13.   The designation of documents and information as "Attorneys Eyes Only" for purposes of this Protective Order shall be made in the following manner by any party  or nonparty:

h.   In the case of Documents (including tif or pdf images of documents) or other materials (apart from interviews, depositions or pretrial testimony), by placing or affixing on them (in a manner that will not interfere with their legibility) the words "ATTORNEYS' EYES ONLY."

i.   In the case of electronically stored information produced in native format, the storage media shall be marked with the legend "CONTAINS ATTORNEYS' EYES ONLY INFORMATION" and the producing party shall provide an electronic list (spreadsheet or table) by file name of all files that are designated.

j.   In the case of depositions or pretrial testimony, by a statement on the record, by counsel, at the time of such disclosure that said deposition or pretrial testimony, or any portion thereof, is "Attorneys' Eyes Only." Counsel shall direct the court reporter or counsel to affix the appropriate "Attorneys' Eyes Only" stamp to any portion of the original transcript and to that portion of all copies of the transcript, and those portions of the transcript so designated shall be deemed "Attorneys' Eyes Only." Although the designation shall be made on the record during the deposition whenever possible, a party may designate portions of depositions as "Attorneys' Eyes Only" after transcription provided written notice of the designation is given to all counsel of record within thirty days after notice by the Court reporter of the completion of the transcript, prior to which time the transcript will be treated as "Attorneys' Eyes Only" in its entirety.

k.    In the case of mutually agreed upon joint witness interviews (should any be agreed to), by a statement by counsel during the interview in the presence of other counsel attending, if any, and, following the interview, by a letter to such counsel, if any, that such interview or any portion thereof is "Attorneys' Eyes Only."

l.    In the case of any other production of discovery material not otherwise covered by this Protective Order, a written statement, made by the designating party's counsel to counsel for the other parties to this Lawsuit, that such discovery material or any portion thereof is "Attorneys' Eyes Only."

m.    The parties to this Protective Order may modify the procedures set forth in paragraphs 11(c)-(d) through agreement of counsel on the record at such deposition or, in the case of an interview, in the presence of counsel attending such interview, without further order of the Court.

14.    The parties will have up to 30 days from the date of this Protective Order to designate any documents already produced as "Confidential" or "Attorneys' Eyes Only," and the parties may designate such documents by written statement to opposing counsel identifying the particular documents subject to this Protective Order.

15.    A party may object to the designation of particular documents and/or information designated as "Confidential" or "Attorneys' Eyes Only" by giving written notice to the party designating the disputed information. A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "Attorneys' Eyes Only" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential" or "Attorneys' Eyes Only" or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may involve this Protective Order by objecting in writing to the party who has designated the document or information as "Confidential" or "Attorneys' Eyes Only." If the requested change in designation is not agreed to within ten (10) business days, the party seeking the change may move the Court for appropriate relief complying with the judicial practice standards of the Court and D.C.COLO.LCivR 7.1(a). The designating party shall have the burden of proving that the Confidential Discovery Material is within the scope of protection afforded by this Protective Order. The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order.

16.    Subject to the Federal Rules of Civil Procedure and any other applicable law, the use of documents and information designated as "Confidential" or "Attorneys' Eyes Only" in this Lawsuit (including in depositions, pleadings and other papers filed with the Court, written discovery responses, and trial) shall not cause the information to lose its confidential status. All persons using documents and information designated as "Confidential" or " Attorneys' Eyes

Only" in this Lawsuit shall take all reasonable precautions necessary to protect the confidentiality of such information during its use. In the event a party wishes to use any Confidential Discovery Material in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, that party shall file a Motion to Restrict pursuant to D.C. COLO. LCivR 7.2, seeking to restrict public access to the Confidential Discovery Material under Level 1. The party seeking to use Confidential Discovery Information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation may also coordinate with the producing party to redact information contained therein to the producing party's satisfaction. If the Confidential Discovery Material can be redacted to the producing party's satisfaction, the producing party may waive the necessity of the filing party ding a Motion to Restrict. <u>Nothing in this Order binds the court to restrict any document, even if the Parties have agreed to restrict a particular document or paper, or portion of a document or paper.</u>

17.     If a party desires to use Confidential Discovery Material in open court, that party shall provide the producing party with an opportunity to object before the Confidential Discovery Material is revealed to any person not entitled to receive it under the terms of this Protective Order or is made part of the Court record without being sealed or restricted. Neither this Protective Order nor the production of documents pursuant to this Protective Order shall be interpreted as limiting or waiving a producing party's objection to the disclosure of information or its use in open court. <u>Nothing in this Order requires the court to restrict any document, information or paper, and nothing in this Order supersedes the application of D.C.COLO.LCivR 7.2 in adjudicating any motion to restrict.</u>

18.     Nothing contained in this Protective Order shall affect the rights, if any, of the parties to make any objection, claim, or other response to any discovery request, subpoena, or question at a deposition, nor shall this Protective Order be construed as a waiver by the parties of any legally cognizable privilege to withhold any document or information, or of any right that the parties may have to assert such privilege at any stage of the Lawsuit. Nothing contained in this Protective Order and no action pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of Confidential Information produced or sought. Nothing in this Protective Order, shall operate as a concession or admission by any party that any exchanged information contains or discloses confidential, commercial, proprietary or trade secret information or has been properly designated as "Confidential" or "Attorneys' Eyes Only" but each party shall treat such information accordingly in compliance with this Order unless otherwise ordered by the Court. Neither the designation of exchanged information as "Confidential" or "Attorneys' Eyes Only" nor the failure to challenge any such designation shall be deemed an admission with respect to the nature of such exchanged information.

19.     If a party receives a request, including but not limited to a subpoena in a legal or administrative proceeding, for the production of Confidential Discovery Material provided by another party or a nonparty, that party shall promptly notify the party or nonparty who provided the Confidential Discovery Material or its counsel, shall permit the producing party or nonparty to assert all appropriate objections, and shall decline to produce the Confidential Discovery Material on the basis of this Protective Order except upon court order entered after the notice and procedures set forth above have been followed.

20.      Nothing in this Protective Order shall be deemed to restrict a party's use or disclosure of Confidential Discovery Material that it alone prepared or obtained, and which contains no Confidential Information obtained directly or indirectly from another party or a nonparty. Nothing in this Order shall be deemed to restrict a party's use or disclosure of documents or information that it obtained from another party or from a nonparty before the commencement of this Lawsuit, regardless of whether a party or nonparty designates the same documents or information as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order.

21.      In the event of an inadvertent disclosure by a party to another party of any Document or other information that is subject to a claim by the producing party that the Document or other information should have been marked "Confidential" or "Attorneys' Eyes Only" but was not prior to copying and delivery of the Document or other information to another party, or that that Document or other information should have been withheld from disclosure as privileged or work product or by reason of some other limitation upon disclosure authorized by law, the disclosure of such Document or other information shall extend only to the Document or other information so inadvertently disclosed or produced and shall not extend to or affect the right to designate as "Confidential" or "Attorneys' Eyes Only," or to withhold from production as privileged or work product, any other Document or other information, even though such Documents or other information may relate to the same transaction or subject matter as the Document or other information inadvertently disclosed.

22.      In the event of inadvertent production or disclosure of any Document or other information that the producing party believes should have been marked "Confidential" or "Attorneys' Eyes Only," the producing party may, upon discovery of such inadvertent disclosure or production, request the marking of any such Document or other information as "Confidential" or "Attorneys' Eyes Only" and thereafter such Document or other information and all copies thereof shall be subject to the provisions of this Protective Order respecting the treatment of Confidential Discovery Material.

23.      Any attorney-client privileged or work product Document or other information inadvertently disclosed shall be returned to the producing party upon request, and all copies and materials including information from such Document or other information shall be returned or destroyed, upon the parties agreeing that, or there being an Order entered that: (a) such document or other information is protected by the attorney-client privilege or constitutes protected work-product; and (b) that such document or other information was inadvertently produced. Upon the date of receipt by the receiving party of a claim of inadvertent production, the privileged or work product status shall be deemed to be restored, and the Document or other information shall not be further disclosed or used except in connection with any proceedings contemplated in this paragraph, until the parties agree until the parties agree otherwise or the Court rules on the issue. The receiving party shall not be deemed to have violated this Protective Order with respect to any use of such privileged or work product Document or other information on a date prior to the making of such request for return of such Documents or other information.

24.     Within one hundred twenty (120) days after conclusion of this litigation and any appeal thereof, all documents designated "Confidential" or "Attorneys' Eyes Only" and all reasonably accessible copies shall either be returned to the relevant producing parties or destroyed. A party or third party may request that counsel for a party certify in writing that reasonable steps were taken to gather and destroy all documents designated "Confidential" or "Attorneys' Eyes Only" and that all such documents have been destroyed. Counsel shall obtain the same certification from all persons to whom counsel provided copies of documents designated "Confidential" or "Attorneys' Eyes Only." Provided, however, that (a) counsel for the parties shall be entitled to retain papers filed with the Court, deposition transcripts and exhibits, expert witness reports, and trial exhibits and (b) expert witnesses disclosed by a party may retain any reports generated during the course of this litigation and any material prepared at the request of counsel.

25.     This order shall not bar any attorney herein in the course of rendering advice to his or her client with respect to this litigation from conveying to the client his or her evaluation in a general way of "Attorneys' Eyes Only" information produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any "Attorneys' Eyes Only" information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

26.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.


DATED August 11, 2015                         BY THE COURT:



                                              s/ Nina Y. Wang
                                              Nina Y. Wang
                                              United States Magistrate Judge

**EXHIBIT 1**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-03086-RBJ

ART CORPORATE SOLUTIONS, INC., a Colorado Corporation, and
ACTIVE RELEASE TECHNIQUES, LLC, a Colorado Limited Liability Company

      Plaintiffs,

v.

DARYL LANEY, D.C., an Individual,
LANEY CHIROPRACTIC AND SPORTS THERAPY, P.A., a Texas Professional Association, and
NEUROMUSCULAR CORPORATE SOLUTIONS, LLC, a Texas Limited Liability Company,

      Defendants.

---

**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

---

    I, _____, hereby acknowledge that I have received a copy of the Stipulated Protective Order entered in this case, have read the same and/or reviewed it with legal counsel, and agreed to be bound by all the provisions thereof. I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado and understand that the Court may impose sanctions for any violation of the Stipulated Protective Order, and that violation of the Protective Order may also provide the basis for civil action.

    DATED this_____day of_____, 201   .

                                _____[signature]

                                _____[print name]