IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 14-cv-03086-RBJ

ART CORPORATE SOLUTIONS, INC., a Colorado corporation, and
ACTIVE RELEASE TECHNIQUES, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

DARYL LANEY, D.C., an individual,
LANEY CHIROPRACTIC AND SPORTS THERAPY, P.A., a Texas professional association, and
NEUROMUSCULAR CORPORATE SOLUTIONS, LLC, a Texas limited liability company,

    Defendants.

---

## ORDER

---

Defendants move for summary judgment. ECF No. 72. The Court has reviewed the motion, plaintiffs' response, ECF No. 84, and defendants' reply, ECF No. 90. No party has requested oral argument. The Court grants the motion in part and denies it in part as explained in this order.

## BACKGROUND

Dr. Laney is a chiropractor in Texas. The plaintiffs apparently pioneered a soft-tissue massage technique called Active Release Techniques or "ART," and among other things plaintiffs train chiropractors in the technique. Dr. Laney obtained the training in order to become certified in the technique and to qualify to provide this type of service to customers.

In 2004, after Dr. Laney had obtained his certification, plaintiffs authorized him to enter into an arrangement with plaintiffs' client, Sabre, Inc. Sabre paid plaintiff Active Release

1

Techniques, LLC ("ARTCS") $75 per 15-minute massage, and ARTCS paid Dr. Laney (or his business Laney Chiropractic and Sports Therapy, P.A.) a percentage of that total. This relationship among the three parties apparently continues to this day.

In 2009 a similar arrangement was established with another Texas company, Atmos Energy. However, plaintiffs allege that Dr. Laney later induced Atmos Energy to terminate its contract with ARTCS and to enter into a contract with a new company formed by Dr. Laney called Neuromuscular Corporate Solutions, LLC.

In their Amended Complaint, ECF No 46, plaintiffs assert eight claims: (1) federal trademark infringement; (2) violation of the Uniform Trade Secrets Act; (3) false and misleading advertising in violation of 15 U.S.C. § 1125(a)(1)(A) and(B); (4) deceptive business practices in violation of Colorado Revised Statutes § 6-1-105; (5) unfair competition; (6) breach of contract; (7) breach of the duty of good faith and fair dealing; and (8) tortious interference with contract. In their pending motion defendants ask the Court to dismiss all these claims.

## STANDARD OF REVIEW

The Court may grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden to show that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. A fact is material "if under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The Court examines the factual record and makes reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Concrete Works of Colorado, Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994).

## ANALYSIS

In their response brief plaintiffs confess the motion insofar as it seeks dismissal of the Second Claim for Relief (violation of the Uniform Trade Secrets Act) and the Fourth Claim for Relief (deceptive business practices in violation of C.R.S. § 6-1-105. The motion is therefore granted as to those claims.

In addition, the Court finds that plaintiffs misunderstand the nature of the contractual theory, "breach of the covenant of good faith and fair dealing," as asserted in plaintiffs Seventh Claim for Relief. In Colorado every contract contains an implied covenant of good faith and fair dealing. *Amoco Oil Co. v. Ervin,* 908 P.2d 493, 498 (Colo. 1995). The covenant applies "when one party has discretionary authority to determine certain terms of the contract, such as quantity, price, or time." *Id.* "Discretion in performance occurs 'when the parties, at formation, defer a decision regarding performance terms of the contract' leaving one party with the power to set or control the terms of performance after formation." *City of Golden v. Parker,* 138 P.3d 285, 292 (Colo. 2006) (quoting *Amoco,* 908 P.2d at 498). Simply put, if a party to a contract is vested with discretion, then that party must exercise its discretion in good faith so as not to defeat the reasonable expectations of the other party to the contract.

Plaintiffs allege that in April 2005 Dr. Laney entered into an Active Release Techniques® EPN Participating Provider Agreement with a predecessor entity to ARTCS called Active Release Techniques Elite Providers Network, LLC. Plaintiffs refer to what I take to be the same contract sometimes as the "Laney/ARTCS Contract," *e.g.,* ECF No. 46 at ¶29, and

3

sometimes as the "Laney/ART Contract, *e.g. Id.* at ¶ 86. In their Sixth Claim for Relief plaintiffs allege that Dr. Laney and Laney Chiropractic breached the Laney/ART Contract. *Id.* at 85-90. In their Seventh Claim for Relief plaintiffs allege that Dr. Laney and Laney Chiropractic breached the covenant of good faith and fair deal implied in the Laney/ART Contract. *Id.* at ¶¶ 91-95.

However, there is no allegation in the Amended Complaint that the Laney/ARTCS Contract or the Laney/ART Contract vests discretion in Dr. Laney (or his practice) in his performance of his contractual obligations. Similarly, there is no argument in plaintiffs' response to the pending motion with respect to the Seventh Claim for Relief that Dr. Laney was vested with discretion by the contract, or that he exercised his discretion in bad faith. Plaintiffs state that "[w]hile a breach of implied covenant claim can be part of a breach of contract claim, the Plaintiff's breach of contract claim and breach of implied covenant are different." ECF No. 84 at 26-27. To this Court's knowledge (and plaintiffs cite no authority to the contrary), the only circumstance where breach of the implied covenant of good faith and fair dealing is not part of a breach of contract claim is in the insurance context, not an issue here.

Plaintiffs state: "Specifically, the ART Companies claim that the Laney Practice breached the implied covenant of good faith and fair dealing by failing to tell ARTCS that Dr. Laney had created a new entity, NCS, and was using that entity to steal Atmos (and potentially others) as a client, and by inducing ARTCS's customer to leave ARTCS." It appears that plaintiffs interpret the implied covenant as creating a cause of action when a party to a contract does during the course of the contractual relationship that is inherently unfair (and thereby violates the other party's reasonable expectation that a contracting party will act in good faith). But that is not the thrust of the covenant. Rather, there must be an unfair exercise of some grant of discretion in the

4

contract. Plaintiffs have not shown or alleged any such conduct here. Accordingly, the Court concludes that defendants are entitled to a summary judgment dismissing the Seventh Claim for Relief.

With the exception of the Second, Fourth and Seventh Claims, the motion for summary judgment is denied. My review of the briefs and exhibits demonstrates that the remaining five claims are replete with disputes of material fact. Frankly, defendants did not make much of an attempt to demonstrate otherwise.

## ORDER

Defendants' motion for summary judgment, ECF No. 72, is granted in part and denied in part. Plaintiffs' Second, Fourth and Seventh Claims for Relief are dismissed with prejudice. The motion is otherwise denied.

DATED this 11th day of March, 2016.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge